**Marvin GATZEMEYER, Marlene Gatzemeyer, and Henry Neuhaus, Appellants,**

**v.**

**Elmer VOGEL, Appellee.**

**No. 78–1361.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1978.

Decided Dec. 28, 1978.

Victor V. Sprengelmeyer, of Sprengelmeyer & Henkels, Dubuque, Iowa, for appellants.

Charles L. Elson, Leon, Iowa, Glenn L. Norris, of Hawkins & Norris, Des Moines, Iowa, on brief, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and ROBINSON,* Senior District Judge.

---

* The Honorable Richard E. Robinson, Senior United States District Judge for the District of Nebraska, sitting by designation.

STEPHENSON, Circuit Judge.

In this diversity case plaintiffs Marvin and Marlene Gatzemeyer, husband and wife, and Henry Neuhaus appeal from the district court's [1] grant of summary judgment in favor of defendant Elmer Vogel. The plaintiffs brought this action for damages caused by defendant's alleged fraud and deceit in connection with an ill-fated real estate transaction. The district court in an unpublished opinion, *Gatzemeyer v. Vogel*, Civ.No. 76–418–1 (S.D. Iowa March 29, 1978), held that this action was barred by the branch of the doctrine of res judicata known in Iowa as claim preclusion. Accordingly, the court approved the defendant's motion for summary judgment. We affirm.

This dispute arises out of a "purchase agreement" executed by Marvin and Marlene Gatzemeyer as buyers and Elmer and Lillian Vogel, husband and wife, as sellers of approximately 1500 acres of farmland located in Decatur County, Iowa. The plaintiffs filed this suit in the federal district court for the Southern District of Iowa on December 16, 1976, alleging that Elmer Vogel's fraudulent conduct induced the Gatzemeyers to sign an agreement which was not valid. The Gatzemeyers are seeking damages of $15,000 in court costs and attorney's fees incurred in attempting to enforce the purchase agreement, $300,000 in loss of the benefit of their bargain, and $200,000 in punitive damages. Neuhaus claims damages of $15,000 in costs and attorney's fees in attempting to enforce the agreement, $30,000 in lost real estate commissions, and $100,000 in punitive damages.

The plaintiffs brought a previous action in the Southern District of Iowa against Elmer and Lillian Vogel and their son, Arlan. The Gatzemeyers sought specific performance by conveyance of the property described in the agreement, or, alternatively, damages for breach of contract. Taylor and Martin, a corporation owned by Neuhaus, sought to recover $30,000 for lost real estate commissions. [2] A trial to the court sitting without a jury resulted in a finding that no valid contract had been consummated. Consequently, a verdict for the defendants was entered. *Gatzemeyer v. Vogel*, Civ.No. 73–58–1 (S.D. Iowa Nov. 19, 1975) (*Gatzemeyer* I). On appeal to this court the judgment of the district court was affirmed. *Gatzemeyer v. Vogel*, 544 F.2d 988 (8th Cir. 1976). [3]

After the trial of the first action the district court made certain findings which were affirmed by this court on appeal. The district court found that Elmer and Lillian Vogel owned land known as the McFarland farm (262 acres) and the Williams farm (386 acres), and Arlan and Martha Vogel, husband and wife, owned land known as the Rockhold farm (860 acres), except for 11 acres they deeded to Elmer and Lillian Vogel, upon which they built a home. The three farms were contiguous and were adopted for operation as a unit. In July of 1972 Elmer and Lillian Vogel signed a listing agreement with Delbert Peterson, a real estate agent for Taylor and Martin, for the McFarland and Williams farms. Arlan, Elmer and Lillian Vogel signed a separate listing agreement for the Rockhold farm. Peterson knew at this time that Arlan had an interest in the Rockhold farm.

On February 16, 1973, the Gatzemeyers came to Iowa to discuss the purchase of the entire tract of land. The Gatzemeyers, Neuhaus, Peterson, and Elmer and Lillian Vogel toured the farms, including Arlan's house, and then met at Elmer's house for a discussion of the terms of the sale. Arlan was not present at any time on this day. Upon agreement as to the terms of sale a

---

1. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

2. Neuhaus, rather than the corporation, appeared as the party appellant on the first appeal. No claim is made here that the doctrine of claim preclusion should not apply to Neu- haus because of a lack of privity between him and the corporation.

3. The facts underlying this dispute were stated in detail in the previous opinion of this court and will not be repeated here except to the extent necessary for an understanding of our decision.

document described by the district court as "[a] highly inartful and confusing purchase agreement," which attempted to incorporate the terms of the purported transaction, was drawn by Peterson.

Before the purchase agreement was executed Lillian Vogel mentioned that perhaps Arlan Vogel should be consulted. The Gatzemeyers apparently learned for the first time that Arlan had an interest in the Rockhold farm. Mr. Gatzemeyer indicated that there was no point in continuing until Arlan was present.

The district court found that "Elmer Vogel then stated in substance that the land was his and that it was in Arlan's name for tax purposes only. Mr. Gatzemeyer insisted that the contract reflect Elmer's statements, so the following clause was inserted: 'Elmer Vogel will see to it that Arlan Vogel deeds back the Rockwell (sic) place which is 861 acres into his name before March 1, 1973.'" Upon returning home that evening Arlan refused to accept the purchase agreement. He immediately attempted to contact Taylor and Martin and the Gatzemeyers. The next day he was successful in reaching them and he informed them that he would not be bound by the purchase agreement and that Elmer had no right to sell the properties without his consent.

The court rejected the plaintiffs' claim that Arlan was obligated to join the agreement on the basis of a principal-agency relationship. The evidence in the record was insufficient to establish that any of the other individuals had express or implied authority to act as agent for Arlan. The district court stated "Elmer, in a rather exaggerated statement of his own importance, directly stated that he was the owner of the land. He did not indicate that Arlan had given him permission to deal for him, nor did Elmer indicate in any other manner that he was his son's agent." Furthermore, the doctrine of apparent authority was of no use to the plaintiffs because "[t]here is no evidence in this case that Arlan Vogel indicated to anyone that Elmer Vogel was acting as Arlan's agent. Nor is there any evidence that the plaintiffs actually dealt

with Elmer as Arlan's agent." Arlan's prompt repudiation of the purchase agreement precluded a finding that he ratified the acts of Elmer.

Based on these and other findings the district court held that the purchase agreement was preliminary to a final contract and that a subsequent closing was contemplated by the parties. Finding that no legally binding contract for the sale of the land had been entered into, the district court accordingly denied plaintiffs their requested relief of specific performance of the contract or damages for its breach.

The present suit was filed on December 16, 1976, after the decision in *Gatzemeyer* I was affirmed by this court on appeal. Faced with the binding judgment that there was not a valid contract, the plaintiffs brought this action alleging that the statements of Elmer Vogel claiming he owned all 1500 acres, that the Rockhold farm was in Arlan Vogel's name only for tax purposes, and that he would have Arlan Vogel deed it back to him were fraudulent and deceitful misrepresentations which induced the Gatzemeyers to enter into the purchase agreement. The district court granted defendant's motion for summary judgment on the ground that the present suit is barred under the theory of res judicata in its meaning as claim preclusion because this action arises out of the same transaction or occurrence which was the subject matter of the original litigation. *Gatzemeyer v. Vogel*, Civ.No. 76–418–1 (S.D. Iowa March 29, 1978). We agree with the district court.

In considering the issue of claim preclusion the district court was of the view that the law of Iowa governed and the plaintiffs do not quarrel with that proposition. In Iowa,

> [c]laim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim * * * in the case on trial. * * * An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court

for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions. *B & B Asphalt Co. v. T. S. McShane Co.,* 242 N.W.2d 279, 286 (Iowa 1976). *See generally* A Vestal, Res Judicata/Preclusion (1969). In *B & B Asphalt Co. v. T. S. McShane Co., supra,* the Iowa Supreme Court defined "same claim" as follows:

> "To put it in rather elementary tort language, the basis of the plaintiff's recovery is liability-creating conduct on the part of the defendant, the invasion of a legally protected interest of the plaintiff and the necessary causal connection between defendant's acts and plaintiff's injury. The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights."

*Id.* at 286–87 *quoting from Williamson v. Columbia Gas & Elec. Co.,* 186 F.2d 464 (3d Cir. 1950), *cert. denied,* 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951). In the present case the claim presented clearly arises from the same transaction which was in dispute in *Gatzemeyer* I. The plaintiffs are simply asserting now an alternate theory of recovery which could have and should have been raised in the previous litigation.

Plaintiffs argue that the general rule of claim preclusion does not apply to this case because *Gatzemeyer* I was an action on the contract and the present suit is an action in tort. The fallacy of this argument becomes apparent upon examination of two recent cases concerning the application of the doctrine of claim preclusion under Iowa law. In *B & B Asphalt Co. v. T. S. McShane, supra,* the plaintiff initially sued on a fraud theory. After a directed verdict was rendered against it, the plaintiff filed a second action alleging breach of express and implied warranties and negligence. The Iowa Supreme Court held that the second action was barred by the final judgment in the first action. The court stated:

> Claim preclusion is plainly applicable. In his second action plaintiff sought a second day in court on the same claim he made in the first action. Only the theories of recovery are different. Plaintiff could have advanced all these theories in the first action. It is barred by the defense of res judicata from seeking to do so in the second action.

*B & B Asphalt Co. v. T. S. McShane Co., supra,* 242 N.W.2d at 287.

In *Green v. American Broadcasting Cos.,* 572 F.2d 628 (8th Cir. 1978), this court affirmed the district court's dismissal of a suit by a television station and its principal shareholders against a television network asserting a claim for breach of contract in the method of delivery of programs to the station. The court held that this second lawsuit was barred because the station had earlier brought an unsuccessful antitrust action against the station based on the arrangements for delivering programs to the station. The court stated "that the claim asserted by Station in this case was presented or could have been presented in [the earlier action], and that to entertain the claim in the instant case would be to countenance an impermissible splitting of a single cause of action." *Green v. American Broadcasting Cos., supra,* 572 F.2d at 630. These cases make it abundantly clear that under Iowa law the doctrine of claim preclusion cannot be circumvented by merely alleging a different theory of recovery where the actions arise out of the same transaction.[4]

---

4. The plaintiffs claim that *Green v. American Broadcasting Cos.,* 572 F.2d 628 (8th Cir. 1978), and *B & B Asphalt Co. v. T. S. McShane Co.,* 242 N.W.2d 279 (Iowa 1976), should not apply to this case since they were decided subsequent to the trial of *Gatzemeyer* I. The plaintiffs have cited no case to support their proposition that adoption of a common law doctrine is entitled to prospective application only. In any event we do not believe that *Green v. American Broadcasting Cos., supra,* and *B & B Asphalt Co. v. T. S. McShane Co., supra,* represent a departure from established Iowa law. *See, e. g., Jordan v. Stuart Creamery, Inc.,* 258 Iowa 1,

The plaintiffs are correct in stating that Iowa has recognized an exception to the normal rules of claim preclusion where fraud is involved. However, this exception only applies " 'where the defendant's fraud or misrepresentation prevented the plaintiff from presenting [all of the claims] in the original action.' " *B & B Asphalt Co. v. T. S. McShane Co., supra,* 242 N.W.2d at 286, *quoting from* Restatement of Judgments § 63. Here, the plaintiffs learned the day after the purchase agreement was executed that Arlan claimed he had an interest in the property and refused to be bound by the terms of the agreement. There was no reason why the plaintiffs could not have brought suit under both theories at one time. Plaintiffs could have pled in the alternative their breach of contract claim and their claim that Elmer Vogel's statements to the effect that he owned all of the land and part was in Arlan Vogel's name only for tax purposes were fraudulent. The plaintiffs have not alleged a single fact upon which the present lawsuit is predicated which was unavailable at the time the first lawsuit was filed.

The plaintiffs' contentions of breach of contract and fraud should not have been split but should have been asserted initially and in the alternative. Plaintiffs are precluded not only from asserting matters which were decided in *Gatzemeyer* I but also matters which might have been asserted as well. *See Green v. American Broadcasting Cos., supra; B & B Asphalt Co. v. T. S. McShane Co., supra. See also Clarke v. Redeker,* 406 F.2d 883 (8th Cir.), *cert. denied,* 396 U.S. 882, 90 S.Ct. 135, 24 L.Ed.2d 115 (1969); *Engelhardt v. Bell & Howell Co.,* 327 F.2d 30, 31–32 (8th Cir. 1964).

Alternatively, plaintiffs argue that even if their second suit would under normal circumstances be barred, it would be unjust to apply the doctrine of claim preclusion here because the district court refused in *Gatzemeyer* I to entertain their claim which is the basis of this suit. The simple answer to this contention is that *Gatzemeyer* I did not decide the specific legal theory raised here because the plaintiffs did not raise it in the earlier litigation.

At the close of their case in chief in *Gatzemeyer* I, the plaintiffs did attempt to amend their complaint to ask for partial specific performance, damages for breach of contract or other relief as was just and proper from Elmer and Lillian only. The district court denied partial specific performance because all the negotiations between the parties concerned the purchase of the entire 1500 acres and during the discussion the plaintiffs became aware of Arlan's interest in the property and nevertheless went ahead with the negotiations with knowledge of the problem. Citing *Shell Oil Co. v. Kelinson,* 158 N.W.2d 724, 730 (Iowa 1968), the district court stated that in Iowa "a condition precedent to an award of partial specific performance is vendee ignorance of the defect barring complete specific performance." The court denied the motion to amend the complaint and further stated "[t]he question of damages from Elmer for breach of the agreement to obtain Arlan's deed is not before the Court." In the first appeal plaintiffs asserted as error the district court's refusal to consider whether they were entitled to damages for Elmer's failure to obtain Arlan's deed. This court held under the district court's characterization of the purchase agreement, which was accepted by this court, none of the defendants were bound by the contract and thus plaintiffs were not entitled to damages for its breach. *Gatzemeyer v. Vogel, supra,* 544 F.2d at 992. This claim of error will not be reexamined here.

No attempt was made by the plaintiffs even at the time the amendment was offered to claim fraud by Elmer. In any event, the district court would have been fully justified in not allowing an amendment to the complaint to include a request for damages for fraud at that late date when the entire case had been tried on the theory that there was a valid contract because Elmer was acting as an agent for

137 N.W.2d 259, 261 (Iowa 1965); *Berger v. Amana Soc'y,* 253 Iowa 378, 111 N.W.2d 753,

755 (Iowa 1962); *Warnecke v. Foley,* 234 Iowa 1381, 11 N.W.2d 457, 458–59 (Iowa 1943).

Arlan. *See B & B Asphalt Co. v. T. S. McShane Co., supra,* 242 N.W.2d at 283–84.

Courts do not encourage piecemeal litigation. The doctrine of claim preclusion is used to implement the policy against harassment of parties by repetitive litigation, to insure efficient utilization of judicial resources, and to prevent diminishment of the prestige of the courts. *See* A. Vestal, Extent of Claim Preclusion, 54 Iowa L.Rev. 1 (1968); A. Vestal, Res Judicata/Preclusion V–7–12 (1969). We are satisfied that these policies will be furthered by application of the doctrine of claim preclusion in the present case. In spite of plaintiffs' assertions to the contrary, the fact remains that they had the opportunity to plead and attempt to prove their fraud theory as part of their original action. They chose not to do so and are therefore barred from presenting the claim of fraud in a subsequent action.

We conclude that the plaintiffs have not alleged any facts which if proven would entitle them to proceed with this suit in the face of Elmer Vogel's assertion of the defense of claim preclusion. Accordingly, the district court properly granted defendant's motion for summary judgment.

Affirmed.