Charles C. McCARTY and Cora L. McCarty, Plaintiffs-Appellants,

v.

FIRST OF GEORGIA INSURANCE COMPANY, Defendant-Appellee.

No. 81-1807.

United States Court of Appeals, Tenth Circuit.

Aug. 4, 1983.

Robert P. Kelly and Bruce W. Gambill, Pawhuska, Okl., submitted a brief, for plaintiffs-appellants.

Kenneth R. Webster and Jim T. Priest, of McKinney, Stringer & Webster, Oklahoma City, Okl., submitted a brief, for defendant-appellee.

* Of the Second Circuit, by designation.

Before SETH, Chief Judge, McKAY and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge.

Appellants Charles and Cora McCarty appeal from a summary judgment entered in the District Court for the Northern District of Oklahoma, Thomas R. Brett, *District Judge,* in favor of appellee First of Georgia Insurance Company (the company). Upon the company's refusal to honor appellants' home fire insurance claim, they commenced a prior action (first action) in the state District Court of Osage County, Oklahoma, seeking relief for breach of the insurance contract. After the removal of that action to the District Court for the Northern District of Oklahoma, H. Dale Cook, *District Judge,* dismissed the action on the ground that the one-year limitations period for commencing an action for breach of an insurance contract under Oklahoma law had expired. Appellants subsequently commenced the instant action (second action) predicated on a different theory, namely, that the company had breached its duty to "deal fairly" with the insured. Although the claim asserted in the instant action came within the longer statute of limitations period provided for causes of action sounding in tort, Judge Brett held that appellants had not pleaded a cognizable tort theory. The court reasoned that, before seeking recourse in tort, the insured must prove the existence of a "valid" insurance claim. In the court's view, dismissal of appellants' first action on the statute of limitations ground precluded finding that such a valid claim existed.

We hold that the district court misconstrued controlling Oklahoma law. We vacate the judgment and remand the case for further proceedings.

I.

On May 12, 1976, appellants purchased from the company a $15,000 home fire insurance policy on their home in Osage County, Oklahoma. The policy was purchased through the Hutton-Smith Agency,

located in nearby Ponca City. Fire destroyed appellants' house on May 18, 1976. Appellants made demand upon the company to pay in accordance with the policy. The company refused payment nine months later—on February 7, 1977—claiming that it never had issued a policy to appellants [1] and that in any event the Hutton-Smith Agency was not authorized to act as its agent. Confronted by the company's refusal to pay pursuant to its policy, appellants filed a complaint with the Oklahoma Insurance Commission. The Commission investigated the matter but ultimately dismissed the proceeding in January 1978, sustaining the company's objection that the claim was outside the Commission's jurisdiction.

On May 1, 1978, appellants commenced the first action referred to above, alleging breach of the insurance contract. After that action had been removed to the federal district court, the company reiterated as its defense that it had neither issued the policy in question nor authorized the Hutton-Smith Agency to act on its behalf. It also argued that the action should be dismissed as untimely because it had not been commenced "within twelve months next after inception of the loss", as provided by Okla. Stat. tit. 36, § 4803(B), (G) (1981). Appellants responded that the delay in commencing the action should be excused because of their good faith effort to resolve the dispute through the Oklahoma Insurance Commission. Judge Cook was not persuaded. On January 24, 1979, the court entered summary judgment in favor of the company on the statute of limitations ground, holding that the administrative proceeding before the Commission did not toll the one-year statute of limitations. Appellants did not appeal from the judgment in the first action.

To explore other avenues of relief, appellants commenced an action against the Hutton-Smith Agency in the state District Court of Kay County, Oklahoma. Responding to a discovery request, the agency produced a copy of appellants' insurance policy and records indicating that the company indeed had issued and approved the policy in question. Armed with this new information, on December 24, 1980, appellants once again commenced an action against the company (second action) in the state District Court of Osage County, this time alleging that the company had breached its duty to deal fairly. After the company removed the second action to the federal district court, summary judgment was entered on June 18, 1981 in favor of the company as stated above. From that judgment, appellants have brought the instant appeal.

II.

We initially must determine whether appellants pleaded a cognizable claim in their second action. They premised their claim on *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla.1977), in which the Oklahoma Supreme Court held that bad faith refusals by insurance companies to honor customers' claims are actionable in tort. Because of the "special relationship between an insurer and its insured" and because of the "quasi-public nature" of the insurance industry, *id.* at 902, the court imposed a duty upon insurance carriers to deal fairly with their customers apart from any contractual obligations owed. *See also McCorkle v. Great Atlantic Insurance Co.,* 637 P.2d 583, 586–88 (Okla. 1981). In the instant case, appellants have alleged what strikes us as a paradigm of a breach of the fair dealing duty: the company repeatedly and inexplicably denied that it ever had issued the policy in question, even after the Hutton-Smith Agency had produced records indicating the contrary.

The company contends that appellants have not met a prerequisite for maintaining such an action under *American Home,* namely, that they first must prove the existence of a *valid* insurance claim. The company invites us to construe the pertinent language in *American Home*—"tort liability may be imposed only where there is a clear showing that the insurer unreason-

---

1. For purposes of the summary judgment motion in the instant action, the company stipulat-

ed in the district court that it had issued the policy.

ably, and in bad faith, withholds payment of the claim of its insured", 577 P.2d at 905— to require that the insured have a cognizable contract claim at least until the time that the tort claim is asserted. Since appellants no longer may sue on their insurance contract claim, the company argues that their tort claim also must fail. We decline the invitation. The company's argument, which was adopted by the district court, we find to be without merit.

*American Home* did not impose the requirement that the company invites us to adopt. When the Oklahoma Supreme Court held that claimants must make a "clear showing that the insurer unreasonably, and in bad faith, withholds payment", 577 P.2d at 905, it was simply emphasizing the obvious: if the insured were not entitled to payment, a cause of action for wrongful denial of the claim could not arise. The company's argument that the contractual claim must not only be meritorious but concurrently cognizable in a court of law obfuscates the critical issue. The gravamen of the tort theory is not the continuing refusal to honor the claim, but the company's bad faith in withholding payment from the start.[2] Appellants' failure to commence their breach of contract action within the statutory time limit is thus independent of the fact which is determinative of the outcome in this case, namely, whether the company met "the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities." *Id.* at 904.[3]

In short, the prior dismissal of the contractual claim on the statute of limitations ground does not trench upon the merit of the instant tort action. The breach of fair dealing claim is cognizable if appellants can prove that they were entitled to payment on the underlying insurance claim.

### III.

We therefore turn to the company's alternative argument, namely, that, even if appellants have stated a proper claim, res judicata bars this action under the doctrine of bar and merger. The company contends that appellants impermissibly split their cause of action by failing to incorporate their tort claim in the first action. Under Oklahoma law, "no matter how many 'rights' of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit." *Retherford v. Halliburton Co.,* 572 P.2d 966, 969 (Okla.1977). Without question, the tort and contract claims arose out of the same transaction. Reframing the second action as a tort action instead of a contract action in and of itself would not suffice to avoid the strictures of claim preclusion. *Gatzmeyer v. Vogel,* 589 F.2d 360, 362–63 (8th Cir.1978); *J. Aron & Co. v. Service Transportation Co.,* 515 F.Supp. 428, 442–48 (D.Md.1981).

Res judicata, however, does not shield a blameworthy defendant from the consequences of his own misconduct. The rule against splitting causes of action serves no purpose if a plaintiff cannot reasonably be expected to include all claims in the first action. As the court reasoned in *American*

---

2. We note that the Arizona Supreme Court, which also recognizes the liability of insurers in tort, has held that the underlying contractual claim need not be cognizable at the time of trial on the tort claim. *Noble v. National American Life Insurance Co.,* 128 Ariz. 188, 624 P.2d 860 (1981) (contractual claim dismissed with prejudice).

3. The company also argues that, even if the insurance contract claim need not be cognizable, it still must be "meritorious", and appellants' failure to comply with the statute of limitations robs the claim of its merit. The company relies on *Hiskett v. Wells,* 351 P.2d 300 (Okla.1959), which stated that "a statute

which in itself creates a new liability, gives an action to enforce it unknown at common law, and fixes the time within which the action must be commenced is not a statute of limitations... [but] an indispensable condition of the liability and of the action which it permits." *Id.* at 304 (citation omitted). The statute of limitations for breaches of insurance contracts, however, clearly does not fall within the *Hiskett* exception. The breach of an insurance contract, like other breaches of contract, was recognized at common law. *House of Norvelle v. Queen Insurance Co.,* 365 P.2d 977, 978–79 (Okla.1961).

*Home,* "where plaintiff's omission of an item of his cause of action was brought about by defendant's fraud, deception, or wrongful conduct, the former judgment has been held not to be a bar to suit." 577 P.2d at 905; *see* Restatement (Second) of Judgments § 26 comment j (1982).

In the instant case, appellants have pleaded sufficient facts to support their theory that the company's wrongful concealment prevented them from asserting their tort claim in the first action. Appellants alleged that, until evidence obtained from the Hutton-Smith Agency revealed that the company not only issued the policy but subsequently acknowledged it, they believed that the company had acted in good faith. The tort claim therefore arose only after conclusion of the first action.

We hold that appellants have properly pleaded their breach of fair dealing cause of action. It has been more than seven years since fire destroyed their home. The company has yet to proffer any evidence to exonerate itself from liability on the policy allegedly issued to appellants. Whether there is such evidence is one of the issues to be determined on remand.

We vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.

VACATED and REMANDED.