**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JON A. GOODWIN,

     Plaintiff - Appellant,

v.

MARCIA ANN BRUGGEMAN HATCH;
SEAMUS JOHN PAUL HATCH;
MICHAEL DOUGLAS BOCK;
ARAN STRATEGIC FINANCE, LLC;
GUNDERSON DETTMER STOUGH
VILLENEUVE FRANKLIN &
HACHIGIAN, LLP; ROBERT V.
GUNDERSON, JR.; SCOTT CHARLES
DETTMER; THOMAS F. VILLENEUVE;
DANIEL JURG NIEHANS; DANIEL E.
O'CONNOR; KENNETH ROBERT
MCVAY; IVAN ALEXANDER
GAVIRIA; JOHNSON & JOHNSON,
LLP; NEVILLE LAWRENCE JOHNSON;
DOUGLAS LOWELL JOHNSON;
JONATHAN MARTIN TURCO; LAN
PHONG VU; DIANA BIAFORA
SPARAGNA; TINA LOUISE
SCATUORCHIO-GOODWIN; BARRY S.
LEVIN; MATTHEW LLOYD
LARRABEE; ROBERT A. ESPEN;
DAVID MARK JARGIELLO; RAMSEY
& EHRLICH, LLP; MILES FREDERICK
EHRLICH; ISMAIL JOMO RAMSEY;
FOLGER LEVIN KAHN, LLP;
MICHAEL ALEXANDER KAHN; JOHN
DANIEL SHARP; DENELLE MARIE
DIXON-THAYER; HELLER EHRMAN
LLP (CALIFORNIA); LEWIS ROCA
ROTHGERGER CHRISTIE LLP;
FREDERICK JAMES BAUMANN;
ALEX C. MYERS; VLG INVESTMENTS

No. 18-1325
(D.C. No. 1:16-CV-00751-CMA-KLM)
(D. Colo.)

LLC; VLG INVESTMENTS 2006 LLC;
VLG INVESTMENTS 2007 LLC; VLG
INVESTMENTS 2008 LLC; HEWM
INVESTORS, LLC; HEWM INVESTORS
II, LLC; HEWM/VLG INVESTMENTS,
LLC; DOES 1-100,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Jon A. Goodwin, proceeding pro se, appeals from the district court's dismissal

of his claims against numerous defendants. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

## BACKGROUND

Effective at the end of 2001, Mr. Goodwin and defendants Seamus Hatch and

Michael Bock entered into a limited liability company agreement for Barra Partners,

LLC. In the fall of 2003, Messrs. Hatch and Bock terminated Mr. Goodwin's

participation in Barra Partners. Mr. Goodwin disputes that they acted properly under

the limited liability company agreement. He alleges that they, as well as associated

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

individuals and entities (including Mr. Hatch's wife Marcia Hatch), "are extorting and have defrauded, and otherwise tortuously [sic] injured [him] by means of a single, continuous plan of extortion . . . to obtain tens of millions of dollars of property from him, Barra Partners, LLC, and its affiliates[.]" Aplt. Opening Br. at 2. For their part, defendants assert Mr. Goodwin "has undertaken a 10-year campaign to harass and intimidate Marcia Hatch, Seamus Hatch, and the law firms where Ms. Hatch has worked or sought legal advice." Aplee. Resp. Br. at 1. Ms. Hatch obtained injunctions against Mr. Goodwin from California state courts in 2007 and 2011. The 2011 judgment also awarded more than a million dollars in damages.

In October 2013, Mr. Goodwin filed suit in the United States District Court for the District of Colorado, case number 13-CV-02973 (the 2013 Action).[1] Naming 66 defendants, the 2013 Action invoked the Racketeer Influenced and Corrupt Organizations Act (RICO), the Colorado Organized Crime Control Act (COCCA), 42 U.S.C. §§ 1983 and 1985(3), and state-law torts. The district court dismissed the claims against some defendants on the merits and against other defendants for lack of personal jurisdiction. It also denied leave to amend to add new defendants.

While the 2013 Action was pending, Ms. Hatch sought to enforce the 2011 California judgment in Colorado state court. Mr. Goodwin unsuccessfully moved the

---

[1] We may take judicial notice of the filings in the 2013 Action. *See United States v. Duong*, 848 F.3d 928, 930 n.3 (10th Cir. 2017) (taking judicial notice of filings in related district court action).

Colorado state district court for relief from the California judgment, and the Colorado Court of Appeals affirmed.

In March 2016, Mr. Goodwin filed the instant suit against 41 named defendants and 100 Doe defendants. The pleading underlying this appeal is the Second Amended Complaint, which presented claims for violations of RICO and COCCA, a fraudulent scheme, breach of fiduciary duty, breach of contract, tortious interference, abuse of process, extortion, violations of 42 U.S.C. § 1983 (alleging infringements of Mr. Goodwin's constitutional rights in the California and Colorado actions), fraud upon the California state courts, and civil conspiracy.

The district court dismissed the § 1983 and fraud-upon-the-court claims under the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). It further dismissed the claims against twelve named defendants under the doctrine of claim preclusion, based on the judgment in the 2013 Action. (The twelve defendants are composed of a group of eight defendants (the Eight Defendants[2]) and another group of four defendants (the Four Defendants[3]), collectively the Claim Preclusion Defendants.) And it dismissed the claims against another twenty-two defendants (the Issue Preclusion Defendants[4])

---

[2] The Eight Defendants are Marcia Bruggeman-Hatch, Seamus Hatch, Michael Bock, Aran Strategic Finance, LLC, Tina Louise Scatuorchio-Goodwin, Jonathon Turco, Diana Sparagna, and Gunderson Dettmer Stough Villeneuve Franklin & Hachigan.

[3] The Four Defendants are Ismail Ramsey, Lewis Roca Rothgerber Christie LLP, Frederick Baumann, and Alex Myers.

[4] The Issue Preclusion Defendants are David Jargiello; Ramsey & Ehrlich, LLP; Miles Ehrlich; Folger Levin & Kahn LLP; Michael Kahn; John Sharp;

under the doctrine of issue preclusion. The 2013 Action had determined that the Colorado federal court lacked personal jurisdiction over the Issue Preclusion Defendants, and Mr. Goodwin had failed to identify any new facts showing the federal court had acquired personal jurisdiction over those defendants. Mr. Goodwin appeals from the *Rooker-Feldman* and preclusion determinations.

## DISCUSSION

### I. District Court Review

Mr. Goodwin first argues that the district court did not conduct a de novo review of the magistrate judge's reports and recommendations, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), because if it had, it would have ruled in his favor. We reject this contention. "We assume that the district court performed its review function properly in the absence of evidence to the contrary." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). And here there is no evidence to the contrary. The district court issued its own thorough order analyzing the issues involved in this appeal, in which it also expressly recognized its obligation to conduct a de novo review of matters about which Mr. Goodwin had objected. Even "a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

---

Denelle Dixon-Thayer; Robert Gunderson; Scott Dettmer; Daniel O'Connor; Kenneth McVay; Ivan Gaviria; Daniel Niehans; Thomas Villeneuve; Johnson & Johnson, LLP; Neville Johnson; Douglas Johnson; Lan Vu; Heller Ehrman, A Professional Corporation; Matthew Larrabee; Barry Levin; and Robert Epsen.

## II.    *Rooker-Feldman* Doctrine

The district court dismissed claims 21 and 22 (deprivation of First and Fourteenth Amendment rights during the California and Colorado state court proceedings) and claims 24 and 25 (fraud upon the California courts) under the *Rooker-Feldman* doctrine.  "We review the application of the *Rooker-Feldman* doctrine de novo."  *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012).

The *Rooker-Feldman* doctrine precludes federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Asserting that "the Complaint particularly alleges defendants' actions to fraudulently induce the state court into entering orders injuring him," Aplt. Opening Br. at 33, Mr. Goodwin argues that the doctrine should not apply where a plaintiff alleges extrinsic fraud on the state court.  As the district court recognized, however, this court has not recognized an "extrinsic fraud" exception to the *Rooker-Feldman* doctrine.  *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) ("It is true that new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts.").

Mr. Goodwin further complains that the district court relied on non-binding decisions.  But Fed. R. App. P. 32.1 and 10th Cir. R. 32.1 allow citation of this

6

court's unpublished decisions for their persuasive value. Accordingly, the district court's reliance on unpublished decisions creates no ground for reversal.

## III. Claim Preclusion (Res Judicata)

In the 2013 Action, the district court determined that Mr. Goodwin's claims either were barred by the applicable statutes of limitation or failed to state a claim, and it entered judgment with prejudice in favor of the Eight Defendants. It further denied Mr. Goodwin leave to amend to add claims against the Four Defendants, on the ground of futility. In this action, therefore, the district court held that claim preclusion barred claims 1 through 20 and claim 23 against the Claim Preclusion Defendants. We review the district court's application of claim preclusion de novo. *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014).

"The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotation marks omitted). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* (brackets and internal quotation marks omitted).[5] Mr. Goodwin challenges the first and third elements.

---

[5] "In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action." *Lenox MacLaren*

A dismissal as untimely is a judgment on the merits for purposes of preclusion, *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (per curiam), as is a dismissal for failure to state a claim, *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014). Nevertheless, Mr. Goodwin argues that the judgment in the 2013 Action was not a merits judgment because the district court did not explicitly find that it had personal jurisdiction over the Eight Defendants.[6] This argument is meritless. A district court is not required, sua sponte, to explicitly analyze personal jurisdiction over a defendant who does not contest personal jurisdiction. The Eight Defendants were entitled to waive personal jurisdiction in the 2013 Action and seek a judgment on the merits—which they did. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("[A] party may insist that the [personal jurisdiction] limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority.").

Mr. Goodwin further argues that there is no identity of causes of action between the 2013 Action and the instant action. With regard to this element, "[t]his circuit has adopted the transactional test contained in the Restatement (Second) of Judgments § 24." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). Under the transactional test, "a claim arising out of the same transaction, or

---

*Surgical Corp.*, 847 F.3d at 1239 (internal quotation marks omitted). Mr. Goodwin does not invoke this exception.

[6] Mr. Goodwin does not separately challenge the application of claim preclusion to the claims against the Four Defendants.

8

series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded." *Id.* (internal quotation marks omitted).

> What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id.* (internal quotation marks omitted). "A contract is generally considered to be a 'transaction' for claim preclusion purposes." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005).

The district court properly determined that Mr. Goodwin's claims, in both the 2013 Action and the instant action, arose out of the same transaction or series of transactions—namely, the 2003 termination of Mr. Goodwin's participation in Barra Partners, LLC. All of his allegations concern the alleged injuries flowing from that action. Although Mr. Goodwin asserts that his claims rely on newly discovered facts, "[u]nder the transactional test, a new action [based on new facts] will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new facts." *Hatch*, 471 F.3d at 1150. For substantially the reasons discussed by the magistrate judge in her report and recommendation dated December 11, 2017, which the district court adopted, we agree that the claims in the instant action are not new and independent claims.

Mr. Goodwin also invokes an exception to claim preclusion allowing claims based on newly discovered evidence where "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Lenox*

9

*MacLaren Surgical Corp.*, 847 F.3d at 1244 (internal quotation marks omitted). But in this regard, Mr. Goodwin's allegations that facts were fraudulently concealed merely identified additional instances of, and injuries from, the same course of conduct that was well known to him as early as 2003 and that was the subject of the 2013 Action. Under these circumstances, we are not persuaded that the fraudulent-concealment exception saves his claims. The authority he cites is inapposite.[7]

## IV. Issue Preclusion (Collateral Estoppel)

In the 2013 Action, the district court held that it lacked personal jurisdiction over the Issue Preclusion Defendants. Because Mr. Goodwin failed to demonstrate that the circumstances concerning personal jurisdiction had changed with regard to those defendants, the district court applied issue preclusion and dismissed all claims against the Issue Preclusion Defendants for lack of personal jurisdiction. Like claim preclusion, we review the application of issue preclusion de novo. *Campbell*, 777 F.3d at 1077.

---

[7] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971), sets forth rules for the accrual of a cause of action under the antitrust statutes; it does not address the claim-preclusive effect of a prior judgment regarding non-antitrust claims. *McCarty v. First of Georgia Insurance Co.*, 713 F.2d 609, 612-13 (10th Cir. 1983), construes Oklahoma insurance law and addresses the defendant insurance company's concealment of a separate bad-faith claim, not additional injuries flowing from the same course of conduct of which the plaintiff was already aware. Finally, *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2306 (2016), involves the rule that an as-applied challenge may be brought after "later, concrete factual developments" demonstrate the actual effects of challenged laws. The 2013 Action, however, was not dismissed because the court doubted that any claimed consequences would occur.

The elements of issue preclusion are:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1207 (10th Cir. 2001) (internal quotation marks omitted).

Mr. Goodwin combines his claim- and issue-preclusion arguments. As discussed above, the district court's failure to explicitly find it had personal jurisdiction over each and every defendant in the 2013 Action does not mean that the judgment in the 2013 Action cannot have preclusive effect. And even though the 2013 Action was dismissed without prejudice with regard to the Issue Preclusion Defendants, a dismissal for lack of personal jurisdiction can be preclusive on the issue of personal jurisdiction. *See id.* at 1209.

Mr. Goodwin apparently also seeks to apply his "transactional test" arguments to issue preclusion. But the "transactional test" is relevant to whether an issue could have been litigated, an element of claim preclusion, *see Lenox MacLaren Surgical Corp.*, 847 F.3d at 1239, but not of issue preclusion, *see Matosantos Commercial Corp.*, 245 F.3d at 1207. The transactional test thus has no role to play in the context of issue preclusion.

The question of personal jurisdiction over the Issue Preclusion Defendants was decided in the 2013 Action. Mr. Goodwin's opening brief does not challenge the

11

district court's determination that he did not adduce sufficient new facts to overcome issue preclusion. He therefore has forfeited any such argument. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

## V. Alleged Conflict of Interest

In his reply brief, Mr. Goodwin complains that while this matter was pending before the magistrate judge, she had a judicial intern who had been a summer associate, and later was employed as an associate, at one of the defendant law firms. But Mr. Goodwin has not presented these allegations to the district court. *See United States v. Nickl*, 427 F.3d 1286, 1297 (10th Cir. 2005) (stating that "[n]ormally, a party alleging judicial bias should move for recusal" (internal quotation marks omitted)). Although we may consider the issue under the plain-error standard, *see id.* at 1297-98, we decline to do so because Mr. Goodwin did not argue for the application of that standard, *see Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).

Because we decline to consider the conflict-of-interest allegations, we deny defendants' motion for leave to file a sur-reply regarding this argument and disregard defendants' proffered sur-reply and Mr. Goodwin's response.

**CONCLUSION**

The motion to proceed without prepayment of costs and fees is granted, but he remains obligated to pay the full amount of the filing and docketing fees. The motion for leave to file a sur-reply is denied. The district court's judgment is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge