United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON ANTHONY DOMBROWSKY;
JON MICHAEL DOMBROWSKY,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-86-1

Before JONES, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this appeal, we review the convictions of Defendants-Appellants, Jason and Jon Dombrowsky, for assaulting federal officers in violation of 18 U.S.C. § 111. For the following reasons, we uphold the convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2002, Specialist Opal Peters of the United States Army got into an argument with her husband, Jon Dombrowsky, at their home on the military base in Fort Hood, Texas, during which Dombrowsky pushed and threatened to hit Peters.

Jon's brother, Jason Dombrowsky, was also present at the time as he was helping his brother move out of the house. The couple had decided to separate because Jon Dombrowsky believed Peters was cheating on him.

After the argument, Specialist Peters went to see her commander, who then contacted military police. Lieutenant Christopher Smith, an Army Civilian Police Officer, responded to the call and obtained permission from Peters to enter her home and question Jon Dombrowsky. Lieutenant Smith also requested an additional patrol, Sergeant Newton and Private Rottenberry, who met with Lieutenant Smith at Peters' and Dombrowsky's home.

When the officers arrived, Lieutenant Smith knocked on the door and identified himself as a military policeman, saying that he was there to speak with Jon Dombrowsky to investigate an assault complaint. Jason Dombrowsky opened the door part-way, allowing Lieutenant Smith to see Jon Dombrowsky inside the home. Lieutenant Smith and Sergeant Newton then made their way past Jason Dombrowsky, who was still standing at the door.

2

Sergeant Newton requested that Jason Dombrowsky leave the house, but Jason refused. Sergeant Newton then grabbed Jason by the arm to attempt to forcibly remove him from the house. After Jason pushed Sergeant Newton away twice and made a move to punch Sergeant Newton, Lieutenant Smith intervened by spraying Jason with pepper spray. Jon Dombrowsky then attacked Lieutenant Smith with his own can of pepper spray. After scuffling for a while, Lieutenant Smith withdrew his pistol and ordered Jon Dombrowsky to the ground. By that time Sergeant Newton had handcuffed Jason Dombrowsky and the incident was over.

Following a bench trial, Jason and Jon Dombrowsky were each convicted of assaulting a military police officer while the officer was performing his official duties. Jason was sentenced to eight months' imprisonment and two years' supervised release. Jon was sentenced to ten months' imprisonment and two years' supervised release. Both Jason and Jon timely filed notices of appeal.

On appeal, the Dombrowskys argue that the evidence was insufficient to support their convictions in light of their affirmative defense of self-defense. Jason Dombrowsky argues that the officers had no right to enter the home and that Sergeant Newton initiated physical contact. Jon Dombrowsky argues that he was therefore justified in defending his brother.

3

## II.  STANDARD OF REVIEW

We review the sufficiency of the evidence supporting a conviction after a bench trial by determining whether the finding of guilt is supported by substantial evidence sufficient to justify the trial judge's conclusion beyond a reasonable doubt that the defendant is guilty.  See United States v. Mathes, 151 F.3d 251, 252 (5th Cir. 1998).  It is not our task to weigh the evidence or determine the credibility of witnesses, but instead we view all of the evidence in the light most favorable to the Government and defer to all reasonable inferences drawn by the trial court.  See United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995).

## III.  SUFFICIENCY OF THE EVIDENCE

To obtain a conviction for assaulting a federal officer, the Government must prove forcible assault or resistance of a federal officer while engaged in the performance of official duties.  See United States v. Moore, 997 F.2d 30, 35 n.8 (5th Cir. 1993).  The Government need not prove that the defendants intended to injure the officers, but the Government must show that the defendants intended the assault.  See United States v. Feola, 420 U.S. 671, 684 (1975).

As the above stated facts convey, Jason and Jon Dombrowsky intended to assault the federal officers. However, the crux of their argument on appeal is that the officers did not have a right to enter the home or to arrest them, and thus, the

4

Dombrowskys were justified in defending themselves from what the Dombrowskys argue was the officers acting beyond the scope of their authority and with excessive force.

An officer is considered to be engaged in his official duties and thus protected by the statute, 18 U.S.C. § 111, if he is performing the functions for which he is employed, if he is acting in good faith and in the colorable performance of his duties, and if he is not on "a frolic of his own." See United States v. Lopez, 710 F.2d 1071, 1074 (5th Cir. 1983).

In this case, there is substantial evidence that the officers were engaged in the performance of their duties. Lieutenant Smith was responding to a domestic violence call from Specialist Peters. Even if this information was insufficient to provide Lieutenant Smith with probable cause to arrest Jon Dombrowsky, a federal officer is protected from assault under 18 U.S.C. § 111, even if he is effecting an arrest without probable cause. Id. at 1074.

Furthermore, the Dombrowskys' claim that the force used by Sergeant Newton in attempting to escort Jason Dombrowsky from the home was excessive also fails. The trial court heard the testimony of both the officers and the Dombrowskys, and the court simply found the officers' testimony to be more credible. It is not our duty to second-guess the trial court's determination of credibility. See Ybarra, 70 F.3d at 364.

5

Finally, Jason Dombrowsky argues that there is no evidence that his slap of Sergeant Newton's hand was forceful or that his pushing of Sergeant Newton was done with the intent to forcibly assault. However, any physical contact by which a person forcibly assaults, resists, impedes, intimidates, or interferes with a federal officer in the performance of their duties in punishable under 18 U.S.C. § 111. See United States v. Ramirez, 233 F.3d 318, 322 (5th Cir. 2000). Jason Dombrowsky conceded that he intended to slap and push Sergeant Newton, and there is no assertion that the physical contact was an accident. Thus, the evidence is sufficient to establish that Jason intended to forcibly assault Sergeant Newton.

## IV. CONCLUSION

For the foregoing reasons, the convictions of Jason and Jon Dombrowsky are **AFFIRMED.**