# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50208

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MALCOM DEANDRE COPELAND, also known as Malcolm D. Copeland, also known as Malcom Copeland,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

A jury convicted Malcom Deandre Copeland[1] of sex trafficking of children in violation of 18 U.S.C. § 1591. The questions on appeal are (1) whether the statute imposes "strict liability" on the defendant regarding the victim's age, and (2) if so, does removal of scienter regarding the victim's age violate the Due Process Clause.

---

[1] The Appellant's first name is spelled both Malcom and Malcolm throughout the record. The Appellant uses Malcom in his brief to this court.

No. 15-50208

## I. Background

In response to a possible missing person report, police officers were dispatched to a Motel 6 in San Antonio, Texas. The first victim in this case, T.J., was in the room. T.J. was a runaway. She met Marcus Wright, Copeland's codefendant, at a bus stop. T.J. told Wright that she was fifteen years old and a runaway, but Wright told her to tell everyone that she was eighteen and that her name was Barbie. Wright introduced her to Copeland and another codefendant, Amber Doak. Copeland and Doak assisted Wright in recruiting and training potential prostitutes. They would advertise their escorts / prostitutes on the website Backpage.com. Copeland and Wright had Doak take pictures of T.J. for her internet profile. Doak explained to T.J. that she would be working by sleeping with many different men for money.

T.J. received calls from potential clients on a cell phone provided by Wright. Some combination of Copeland, Wright, and Doak would transport T.J. to the prearranged location of her sexual assaults. For five days in 2013, T.J. was directed by Copeland and Wright to perform sexual acts for money. She performed five sexual acts for money with four different men. A second minor victim, B.L., was also recruited by Wright and also performed sexual acts for money. She was seventeen at the time. T.J. and B.L. were the two minor victims referenced in Copeland's indictment.

Malcom Copeland was convicted by a jury of two counts of sex trafficking of children in violation of 18 U.S.C. § 1591(a) & (b)(2). The district court sentenced him to 216 months in prison and 20 years of supervised release on each count, to run concurrently, and ordered him to pay $1500 in restitution. Copeland timely appealed, raising two related arguments. First, he seems to argue that the district court erred by instructing the jury that, with regard to the victims' ages, he could be convicted upon the showing that he had a reasonable opportunity to observe the victims, rather than requiring the

2

No. 15-50208

Government to prove either actual knowledge or reckless disregard of the victims' ages. Second, Copeland argues that if § 1591(c) does impose "strict liability" regarding a victim's age, it is unconstitutional.[2] After a review of the briefs and record, we AFFIRM.

## II. Standard of Review

This court reviews jury instructions for abuse of discretion, and the legal conclusions underlying those instructions de novo. *United States v. CITGO Petroleum Corp.*, 801 F.3d 477, 481 (5th Cir. 2015). We also review de novo a preserved challenge to the constitutionality of a criminal statute. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). Copeland challenged the constitutionality of § 1591 in a pretrial motion, which the district court denied. Copeland also objected to the mens rea element of § 1591 in his objections to the jury instructions; the district court overruled this objection. Therefore, Copeland preserved this issue for appeal, and we review de novo. *See United States* v. *Mondragon- Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

## III. Discussion

### A.

Title 18 U.S.C. § 1591 was enacted in 2000 and amended in 2008 adding subsection (c).[3] After 2008 and at all times relevant to Copeland, the scienter requirements to be convicted of sex trafficking in children were:

---

[2] Copeland suggests in one paragraph of his appellate brief that a conviction under 18 U.S.C. § 1591 "may violate" the Eighth Amendment's prohibition against cruel and unusual punishment. This court has held that "[t]he mere mention of a claim that has been appealed does not constitute a supported argument or adequate briefing, nor does it preserve the issue for review." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008). Copeland did not adequately brief an Eighth Amendment issue and has waived any such claim.

[3] Section 1591 was enacted as part of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106–386, 114 Stat. 1464 (Oct. 28, 2000), and amended by

No. 15-50208

(a) Whoever *knowingly*–

> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

*knowing, or in reckless disregard of the fact*, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (Supp. II 2008) (emphasis added). The 2008 subsection (c) stated: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant *knew* that the person had not attained the age of 18 years." *Id.* § 1591(c) (emphasis added).[4] Copeland challenges the application of subsection (c), arguing that the jury was improperly charged on § 1591's scienter requirement. At trial and over Copeland's objection, the district court explained to the jury that it could convict Copeland on Count One if it found, in relevant part, that

> T.J. had not attained the age of 18 years of age, and (1) the defendant *knew* T.J. had not attained the age of 18 years, or (2) the defendant *recklessly disregarded* the fact that T.J. had not

---

the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110–457, 122 Stat. 5044 (2008).

[4] Section 1591(c) was further revised and clarified in May 2015, and now reads: "the Government need not prove that the defendant *knew, or recklessly disregarded the fact*, that the person had not attained the age of 18 years." *See* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114–22, 129 Stat. 227 (May 29, 2015) (emphasis added).

No. 15-50208

attained the age of 18 years, *or* (3) the defendant *had a reasonable opportunity to observe* T.J. . . . (emphasis added).[5]

Copeland's primary argument on appeal is that the jury had three distinct ways to find scienter, and that the third option—§ 1591(c)'s "reasonable opportunity to observe"—imposed "strict liability" on a defendant regarding the victim's age. This, he argues, relieved the Government of its burden to prove the defendant's scienter in violation of the Due Process Clause. We disagree.[6]

### B.

This court upheld nearly identical jury instructions on plain error review in *United States v. Phea*, 755 F.3d 255, 262–63 (5th Cir.), *cert. denied*, 135 S. Ct. 416 (2014). Because the Second Circuit had previously determined that § 1591(c) did impose strict liability on a defendant regarding the victim's age, *United States v. Robinson*, 702 F.3d 22, 26 (2d Cir. 2012), and given that our court had not considered the issue, we held in *Phea* that "[a]ny error in the jury instruction could not have been plain." 755 F.3d at 263. On de novo review,

---

[5] The jury instructions for Count Two were nearly identical and present the same scienter issue as Count One.

[6] Even under Copeland's argument, § 1591 does not actually impose "strict liability" because the statute, throughout its revisions, has retained a traditional scienter requirement: "[w]hoever *knowingly* . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing, or, . . . in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a) (emphasis added). This case concerns only scienter as to the victim's age, which is distinct from the Government's independent burden of proving beyond a reasonable doubt that a defendant was knowingly involved in a commercial sex act. *Cf. United States v. Dombrowsky*, 111 F. App'x 716, 718 (5th Cir. 2004) (per curiam) (unpublished) ("The Government need not prove that the defendants intended to injure the officers, but the Government must show that the defendants intended the assault." (citing *United States v. Feola*, 420 U.S. 671, 684 (1975) (holding that a defendant need not "be aware that his victim is a federal officer"))).

today, we further adopt *Robinson*'s reasoning, joining the Second Circuit in concluding that, under the version of § 1591(c) applicable to Copeland, the Government "need not prove any *mens rea* with regard to the defendant's awareness of the victim's age if the defendant had a reasonable opportunity to observe the victim." *Robinson*, 702 F.3d at 34.[7]

Our holding is supported by the plain language of the statute, which "do[es] not indicate that § 1591(c) imposes an *additional* element on top of the *mens rea* requirement in § 1591(a)." *Id.* at 31. Rather, "[t]he better reading of § 1591(c) is that the government may prove that the defendant had a reasonable opportunity to view the victim *in lieu of* proving knowledge." *Id.* And "[b]ecause § 1591(a) requires proof of knowledge *or* reckless disregard—not both—the government may satisfy its burden by proving knowledge *or the substitute for knowledge under § 1591(c)*." *Id.* at 32. We agree with the Second Circuit that "§ 1591(c) supplies an *alternative* to proving any *mens rea* with regard to the defendant's awareness of the victim's age." *Id.* Our reading of subsection (c) "gives force to the provision's obvious goal—to reduce the government's burden where the defendant had a reasonable opportunity to observe the victim." *Id.* Further, if § 1591(c) only relieved the Government of its burden to prove knowledge under § 1591(a) and, thus, the Government still had to prove reckless disregard, then subsection (c) would be superfluous. Our

---

[7] The Ninth Circuit found "the Second Circuit's explication of [§ 1591] persuasive," but declined to reach the issue directly. *United States v. Rico*, 619 F. App'x 595, 598 (9th Cir. 2015) (unpublished). Other courts have affirmed § 1591(c) convictions, yet have acknowledged the difficulties with the pre-amendment syntactical structure. *See United States v. Mozie*, 752 F.3d 1271, 1282 (11th Cir.), *cert. denied*, 135 S. Ct. 422 (2014) (upholding conviction under § 1591(c) when the jury found that the defendant either knew the victim was underage or had "a reasonable opportunity to observe" the victim *and* "recklessly disregarded" the fact that the victim was underage.); *see also United States v. Jackson*, 622 F. App'x 526, 528 (6th Cir. 2015) (citing *Robinson* approvingly, but indicating that the Government must still prove reckless disregard if the defendant had a reasonable opportunity to observe the victim).

reading, instead, "vindicates 'the cardinal rule that, if possible, effect shall be given to every clause and part of a statute.'" *Id.* (quoting *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012)).

Turning to Copeland's constitutional argument, we stated in *Phea* that "Congress is not categorically precluded from imposing strict liability." 755 F.3d at 262. While "criminal statutes are generally construed to include *mens rea* requirements," *Robinson* points out that this "presumption does not apply to sex crimes against minors," at least when the defendant confronts the victim personally. *Robinson*, 702 F.3d at 32 (citing *Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952), and *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2 (1994)). This solicitude makes sense as Congressional choice not only because of the severe victimhood of children in these offenses, as well as the impracticality of proving knowledge of a minor's age, but also because the offense separately still requires the Government to prove beyond a reasonable doubt a defendant's knowing involvement in a commercial sex act. In fact, Congress has imposed strict liability with respect to a victim's age in at least four other federal statutes criminalizing sexual acts with minors, and federal courts consistently have upheld each one:

- 18 U.S.C. § 2241(d), aggravated sexual abuse, states that if the victim is less than 12 years old, "the Government need not prove that the defendant knew that the [minor] had not attained the age of 12 years." *See United States v. Ransom*, 942 F.2d 775, 776–79 & n.1 (10th Cir. 1991) (rejecting arguments that § 2241's lack of a mens rea requirement regarding the victim's age rendered it unconstitutional);

- 18 U.S.C. § 2243(d), sexual abuse of a minor or ward, does not require the Government to "prove that the defendant knew . . . the age of the [minor] engaging in the sexual act." *See United States v. Wilcox*, 487 F.3d 1163, 1174 (8th Cir. 2007) (same result for § 2243);

- 18 U.S.C. § 2251(a), sexual exploitation of children, prohibits using children in "any sexually explicit conduct" for the purpose of production

No. 15-50208

or transmission. *See United States v. Ruggiero*, 791 F.3d 1281, 1284–88 (11th Cir.), *cert. denied*, 136 S. Ct. 429 (2015) (same result for § 2251);

- 18 U.S.C. § 2423(a), transportation of minors, prohibits transporting anyone "who has not attained the age of 18 years" for the purpose of engaging in prohibited sexual activity. *See Phea*, 755 F.3d at 262 (noting that seven of our sister circuits have upheld "the application of strict liability with respect to a minor's age" under § 2423).

Given that Congress can—and often does—reduce or eliminate scienter requiring knowledge of a minor victim's age in sex crimes, we hold that Copeland's conviction under § 1591(c) did not violate his due process rights.

## IV. Conclusion

For the foregoing reasons, we AFFIRM.