FILED
United States Court of Appeals
Tenth Circuit

February 14, 2017

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

No. 16-6078

TRUNG N. DUONG; WILLIAM M.
BAKER; CURTIS A. ANTHONY,

Defendants - Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:15-CR-00126-C)**

---

K. McKenzie Anderson, Assistant United States Attorney (Mark A. Yancey, Acting United States Attorney, with her on the briefs), Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Michael L. Brooks, The Brooks Law Firm (John W. Coyle, III, Coyle Law Firm, R. Scott Adams and Robert W. Gray, Adams & Associates, P.C., Oklahoma City, Oklahoma, Richard E. Stout, Stout & Stout, Edmond, Oklahoma, and Laura K. Deskin, Laura K. Deskin, PLLC, Oklahoma City, Oklahoma, with him on the brief), Oklahoma City, Oklahoma, for Defendants-Appellees.

---

Before **BRISCOE**, **EBEL**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I. Introduction

Defendants were charged in a two-count superseding indictment with child sex trafficking and conspiracy to engage in child sex trafficking. *See* 18 U.S.C. §§ 1591, 1594 (2008).[1] The superseding indictment asserted only one basis by which the government would seek to prove *mens rea* as to the child victim's[2] age—that Defendants had a reasonable opportunity to observe the child before engaging in a commercial sex transaction. Defendants moved to dismiss the indictment, arguing it failed to allege the *mens rea* element of child sex trafficking. The district court agreed and dismissed the indictment.

The government appeals, arguing it can meet its burden of proving the *mens rea* with regard to Defendants' awareness of the child victim's age by showing only that Defendants had "a reasonable opportunity to observe" the victim. *See* 18 U.S.C. § 1591(c). This court agrees and, exercising jurisdiction pursuant to 18 U.S.C. § 3731, **reverses** the judgment of the district court.[3]

---

[1]Unless otherwise indicated, all citations to 18 U.S.C. § 1591 are to the version of the statute which took effect on December 23, 2008. *See* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, tit. II, § 222(b)(5), 122 Stat. 5044, 5069-70 (Dec 23, 2008).

[2]The superseding indictment identified two child victims, R.W. and M.M.

[3]Appellees filed a supplemental appendix containing, *inter alia*, a portion of the trial transcript in a related case, including images of the child victim. The unopposed motion to seal this supplemental appendix was conditionally granted. The government then moved to strike the supplemental appendix. This appeal can be resolved by taking judicial notice of all filings of the parties and rulings of the

(continued...)

## II.    Background

In 2015, Defendants-Appellees, Trung N. Duong, William M. Baker, and Curtis A. Anthony, were charged by a federal grand jury with child sex trafficking and conspiracy to engage in child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2), (c), and 1594. The only element of the charged crime relevant to this appeal is Defendants' *mens rea* with respect to the victim's status as a minor. *See United States v. Brinson*, 772 F.3d 1314, 1325 (10th Cir. 2014) (setting out the elements of child sex trafficking).[4] The original indictment charged three bases to satisfy this element: (1) knowledge, (2) reckless disregard, and (3) a reasonable opportunity to observe the victim.

---

[3](...continued)
district court in *United States v. Ehrens*, No. 15-CR-200-C (W.D. Okla.). *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010). Accordingly, the government's motion to strike the supplemental appendix is **granted**. The motion to permanently seal the supplement appendix is **denied** as moot but the supplemental appendix shall remain sealed pursuant to this court's order dated August 18, 2016. The Clerk of the Court shall destroy the supplemental appendix and all copies in its possession when the time for filing a petition for writ of certiorari has expired. Should there be a petition for writ of certiorari, the supplemental appendix shall be disposed of as provided in a further order of this court.

[4]The *Brinson* court addressed whether the evidence presented at trial was sufficient to support each of the elements of child sex trafficking. *See United States v. Brinson*, 772 F.3d 1314, 1325-26 (10th Cir. 2014). Because the evidence was sufficient to show the defendant knew or recklessly disregarded the fact the victim was a minor, *Brinson* did not consider the question presented in this appeal. *See id.* at 1326 (noting the minor's high school registration form was found in the defendant's vehicle and it indicated she was fourteen years old).

In December 2015, the government prosecuted a related case against a fourth defendant, Russell D. Ehrens. *United States v. Ehrens*, No. 15-CR-200-C (W.D. Okla.). Ehrens was charged with child sex trafficking. The indictment alleged he engaged in a commercial sex act with the child victim "knowing and in reckless disregard of the fact that [the victim] had not attained the age of eighteen years and having had a reasonable opportunity to observe [the victim]." In the *Ehrens* matter, the government sought a jury instruction permitting the jury to find that Ehrens had the required *mens rea* with respect to the victim's age solely on the basis that he had a reasonable opportunity to observe the victim. The district court refused to give the instruction.

In response to the district court's ruling on the proposed jury instruction in the *Ehrens* matter, the government sought a superseding indictment in the instant prosecution. As to the *mens rea* requirement with respect to Defendants' awareness of the child victim's age, the superseding indictment charged only that Defendants had a reasonable opportunity to observe the victim. The government also filed a motion in limine, asserting it intended to prove Defendants' *mens rea* by "elicit[ing] testimony and evidence that each Defendant had a reasonable opportunity to observe the child that he obtained, not that he had knowledge of that child's age or was in reckless disregard of her age." Accordingly, the government sought to preclude Defendants from asserting a mistake-of-age defense or arguing lack of knowledge of the victim's underage status. The

district court denied the motion, ruling the government was required to produce some evidence "regarding Defendants' knowledge or reckless disregard regarding the victim's age." The court also dismissed the superseding indictment, concluding it failed to allege each element of the crime charged. In this appeal, the government challenges the district court's ruling dismissing the superseding indictment.

## III.    Discussion

### A.    *The Substantive Crime*

This court reviews the dismissal of an indictment for abuse of discretion. *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). Here, however, the government is asking this court to resolve the purely legal question of whether 18 U.S.C. § 1591(c) allows a child sex-trafficking conviction when the government proves the defendant had a reasonable opportunity to observe the victim, but does not also show the defendant knew or recklessly disregarded the underage status of the victim. Although this is a question of law reviewed de novo, "[a]n error of law is per se an abuse of discretion." *United States v. Lopez-Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011); *see also Todd*, 446 F.3d at 1067 ("We review the sufficiency of an indictment *de novo* . . . .").

"Any exercise in statutory interpretation must begin with an examination of the plain language at issue." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). During that examination, we must keep in mind that "[t]he plainness or

-5-

ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). Having considered all these factors, this court joins the Second and Fifth Circuits in concluding § 1591(c) is not ambiguous and provides an additional method by which the government can satisfy the *mens rea* element with respect to the age of a victim of child sex trafficking.[5] *Accord United States v. Copeland*, 820 F.3d 809, 813 (5th Cir. 2016); *United States v. Robinson*, 702 F.3d 22, 31 (2d Cir. 2012).

At the time the alleged criminal acts occurred, § 1591(a) provided that:

---

[5]Defendants argue the Eleventh Circuit has adopted their interpretation of 18 U.S.C. § 1591(c). In *United States v. Mozie*, 752 F.3d 1271, 1282 (11th Cir. 2014), the Eleventh Circuit addressed the defendant's argument that § 1591(c) was unconstitutional on its face because it lowered the government's "burden of proof below the beyond-a-reasonable-doubt standard by allowing conviction based on a showing that the defendant only recklessly disregarded the victim's age." The court rejected this argument, stating it conflated *mens rea* with burden of proof. *Id.* at 1282. The court also held that the "Due Process Clause does not prevent Congress from criminalizing conduct that is done with reckless disregard instead of actual knowledge," stating that if the government proved "the defendant had a reasonable opportunity to observe the victim, it need prove only that he recklessly disregarded the fact that she was under the age of eighteen, not that the defendant knew she was." *Id.* The court repeated this standard when it addressed the defendant's challenge to the sufficiency of the evidence but did not apply it, concluding instead that the evidence was sufficient to show the defendant knew the ages of the victims. *Id.* at 1286. Because the *Mozie* court neither engaged in an analysis of the statutory language nor applied the standard it stated, that opinion is not persuasive on the issue of whether a defendant's reasonable opportunity to observe the child victim satisfies the *mens rea* element as to the victim's age.

Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; . . . knowing, or in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). The parties differ over the interpretation of § 1591(c) which, on the relevant date, provided that:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years.

*Id.* § 1591(c). Our analysis begins and ends with the statutory language.

18 U.S.C. § 1591 was promulgated in 2000 as part of the Trafficking Victims Protection Act of 2000 (the "TVPA"), Pub. L. No. 106-386, div. A, § 112(a)(2), 114 Stat. 1464, 1487-88 (Oct. 28, 2000). A stated purpose of the TVPA was to "combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude." 114 Stat. at 1464. In conformity with that purpose, § 1591 was added to Title 18 of the United States Code to provide federal criminal penalties for individuals who force or coerce a person to engage in a commercial sex act or who cause a minor to engage in a commercial sex act. 114 Stat. at 1487 (codified at 18 U.S.C. § 1591(a), (b) (2000)). With respect to criminal activity involving a minor, as originally enacted the statute required the

-7-

government to prove the defendant knew the child victim was a minor. 114 Stat. at 1487 (codified at 18 U.S.C. § 1591(a) (2000)). If the government met that burden, the penalty provisions were harsh: imprisonment up to life if the child victim was less than fourteen years old and imprisonment up to twenty years if the child victim was between fourteen and eighteen. 114 Stat. at 1487 (codified at 18 U.S.C. § 1591(b) (2000)).

The *mens rea* provision in the original version of § 1591(a) was amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (the "TVPRA"), Pub. L. No. 110-457, tit. II, § 222(b)(5), 122 Stat. 5044, 5069 (Dec. 23, 2008). Under the amended statute, a second method by which the government could prove the relevant *mens rea* was added to the statute. Specifically, the amended statute permitted the government to prove a defendant acted in "reckless disregard of the fact" that the child victim was a minor. 122 Stat. at 5069 (codified at 18 U.S.C. § 1591(a)). This lessening of the government's burden of proof was wholly consistent with the objective of the TVPRA to "enhance measures to combat trafficking in persons." 122 Stat. at 5044.

The specific provision at issue here, § 1591(c), was also added to the statutory scheme pursuant to the TVPRA. It appears in Title II § 222, a section of the TVPRA containing multiple statutory amendments under the heading, "Enhancing penalties for trafficking offenses." 122 Stat. at 5067. Section

-8-

1591(c) is worded in terms of what the government "need not prove" when the "defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained." 122 Stat. at 5069 (codified at 18 U.S.C. § 1591(c)). When this "need not prove" language is considered against the TVPRA's stated objective of enhancing measures to combat human trafficking, the only reasonable reading of § 1591(c) is that Congress intended to further lessen the government's burden in situations where the defendant observed the victim of child sex trafficking.

We next consider § 1591(c) in context. *See Holloway v. United States*, 526 U.S. 1, 6 (1999) ("In interpreting the statute at issue, we consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." (quotation omitted)). Reasonably read, § 1591(c), which expressly states the government "need not prove" knowledge when a defendant had a reasonable opportunity to observe the child victim, relieves the government of a burden imposed on it by another provision. That other provision is § 1591(a), which permits the government to meet its burden of proving the relevant *mens rea* element in one of two ways: (1) the defendant knew the child victim was a minor, *or* (2) the defendant recklessly disregarded the fact the child victim was a minor. 18 U.S.C. § 1591(a). As discussed, this provision was amended by the TVPRA and decreased the prosecution's burden of proving *mens rea* by permitting it to show reckless disregard in lieu of knowledge. Reading the

two provisions together to give effect to both, indicates that § 1591 must be interpreted to give the prosecution three methods by which it can prove the relevant *mens rea.* The government can prove knowledge, the most difficult burden to meet and, prior to the enactment of the TVPRA, the only method available to the prosecution. With the changes made to § 1591(a) by the TVPRA, the government can also prove the defendant acted in reckless disregard of the child victim's age. Finally, § 1591(c), by its plain language, permits the government to meet its burden of proving knowledge by showing the defendant had a reasonable opportunity to view the child victim.

Defendants argue this interpretation of § 1591(c) effectively relieves the government of the burden to prove either knowledge *or reckless disregard* when a defendant had a reasonable opportunity to observe the child victim, notwithstanding the fact that § 1591(c) references only knowledge. They assert this result fails to give effect to all provisions of the statute because the amendment to § 1591(a) by the TVPRA—which added the reckless disregard standard—becomes irrelevant. Defendants argue the only way to give effect to all the statutory language is to read § 1591(c) as permitting the government to meet the lesser burden of proving reckless disregard only in situations where the defendant had a reasonable opportunity to observe the child victim.

Defendants' assertion is true, in part. Once the government has shown a defendant had a reasonable opportunity to observe the child victim, it has

-10-

satisfied its burden under the knowledge standard and there is no need for it to also prove the defendant recklessly disregarded the fact the victim was a minor. Thus, Defendants are correct that the government's burden of proving the relevant *mens rea* is fully met in situations where the defendant had a reasonable opportunity to observe the child victim and the reckless disregard standard has no application in that situation. Contrary to Defendants' assertion, however, our interpretation does not make the reckless disregard standard superfluous. In situations where a defendant did not have a reasonable opportunity to observe the child victim and the government does not have direct evidence of knowledge, the reckless disregard standard provides the government with an avenue to prove the relevant *mens rea*. Thus, our interpretation of § 1591(c) does not write the reckless disregard standard out of the statute.

Defendants also advocate for their interpretation of § 1591(c) on the basis that it is consistent with the purposes of the TVPRA because it relieves the government of its burden of proving knowledge, permitting it to prove the lesser standard of reckless disregard. But § 1591(a) accomplishes that same objective without § 1591(c). As amended by the TVPRA, § 1591(a) now permits the government to meet its burden in one of two ways—by proving *either* (1) knowledge *or* (2) reckless disregard. The government is no longer limited to proof of actual knowledge. Under the interpretation we adopt, both § 1591(a) and (c) are given effect: (1) § 1591(a) lowers the government's burden from one of

proving knowledge to one of proving knowledge or reckless disregard and (2) §

1591(c) further lowers the governments burden in situations where the defendant

had a reasonable opportunity to observe the child victim. Section 1591(c)

specifically states that the government should be relieved of a burden when a

defendant had a reasonable opportunity to observe the victim. Defendants'

interpretation would restrict the government's ability to show *mens rea* under the

reckless disregard standard and, thus, is at odds with the plain language of

§ 1591(c), specifically, and the stated purpose of the TVPRA, generally.

Having examined the plain language of § 1591(c) in the context of the

statute as a whole, this court concludes that any burden on the part of the

prosecution to prove *mens rea* with respect to the age of the victim of child sex

trafficking is satisfied when the defendant had a reasonable opportunity to view

the victim. This interpretation satisfies the stated purpose of the TVPRA—to

bolster the government's ability to regulate human trafficking—by lessening the

government's burden in child sex trafficking cases. It also gives effect to all

provisions of § 1591. As so construed, at the time Defendants were indicted the

government's burden of showing *mens rea* with respect to the age of the child

victim could be satisfied in one of three ways: (1) Defendants knew she was a

minor, or (2) Defendants recklessly disregarded the fact she was a minor, or (3)

Defendants had a reasonable opportunity to observe her. Accordingly, the

superseding indictment which only charged reasonable opportunity to observe the victim was sufficient and the district court erred by dismissing it.

### B. The Conspiracy Charge

Defendants argue our interpretation of § 1591(c) does not resolve whether the district court erred by dismissing the conspiracy counts. Relying on a case from the Seventh Circuit, they assert they could not have agreed to commit the crime of child sex trafficking without knowing the victim was a minor at the time they entered into any agreement to violate 18 U.S.C. § 1591. *See United States v. Salgado*, 519 F.3d 411, 415 (7th Cir. 2008) (holding "[t]he crime of conspiracy is committed, or not, before the substantive crime begins"). This argument confuses the conduct charged in the superseding indictment with Defendants' defense to that charged conduct.

Defendants were charged with conspiring with a woman known to them as "Carmen" to "knowingly recruit, entice, obtain, and maintain, by any means, a person or persons, having had a reasonable opportunity to observe such person or persons, and knowing and in reckless disregard of the fact that such person or persons would be caused to engage in a commercial sex act. The person or persons so recruited, enticed, obtained, and maintained had not attained the age of 18 years . . . ." By alleging Defendants had a reasonable opportunity to observe the victim, the superseding indictment specifically charges that Defendants had knowledge the victim was a minor for purposes of the conspiracy

-13-

counts. *See supra* § III.A. Accordingly, the indictment charges the *mens rea* element of the crime of conspiring to engage in child sex trafficking and the district court erred by dismissing it.

**IV.    Conclusion**

The judgment of the district court is **reversed** and the matter **remanded** for further proceedings not inconsistent with this opinion.