LUCERO, J., concurring in part and dissenting in part.
My esteemed colleagues and I are constant in our view that the district court neither erred in finding a violation of Orozco's Sixth Amendment right to present a defense, nor abused its discretion in vacating his conviction and granting his motion for a new trial. Further, we agree that the district court failed to conduct the proper balancing analysis required by United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), in deciding *927 to dismiss the indictment with prejudice. We agree that we must remand to require the district court to conduct the balancing analysis.
Given such agreement, why do I dissent? Separating us is what I consider to be the majority's impermissible decision to limit the remedies available to the district court to correct the Sixth Amendment violation on remand. Guiding authorities, clearly established by the Supreme Court and our circuit, provide that dismissing the indictment with prejudice is an allowable remedy for appropriate cases of flagrant prosecutorial misconduct. My colleagues leave the district court free to pursue remedies it finds appropriate to correct the Sixth Amendment violation except for dismissing the indictment with prejudice. In doing so, the majority goes farther than allowed by precedent. I dissent from this limitation on the remedies the district court may consider on remand, and would allow the district court the discretion to impose any remedy it finds necessary after conducting the Morrison balancing analysis and our circuit's seriousness analysis under United States v. Apodaca, 820 F.2d 348, 349 (10th Cir. 1987). This omission is, after all, why we are reversing.
I
Morrison does not proscribe the discretion of trial courts, it merely prescribes that "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests," including "society's interest in the administration of justice." 449 U.S. at 364, 101 S.Ct. 665. Accordingly, in selecting a remedy for a Sixth Amendment violation, courts must "identify and neutralize the taint [of the violation] by tailoring relief appropriate in the circumstances." Id. at 365, 101 S.Ct. 665. Consistent with this standard, our court has described dismissal of an indictment with prejudice as "an extraordinary remedy, generally reserved for serious cases of prosecutorial misconduct." Apodaca, 820 F.2d at 349 ; see also United States v. Pino, 708 F.2d 523, 530 (10th Cir. 1983) ("The remedy of dismissal of an indictment with prejudice on [prosecutorial misconduct] grounds is an extraordinary one.").
I agree with the majority that the district court did not adequately consider more narrowly tailored remedies and did not balance the need to remedy the constitutional violation with competing social interests as required by Morrison. 449 U.S. at 364, 101 S.Ct. 665. So far, so good. But then, usurping the district court's discretion, the majority jumps to the conclusion that dismissal with prejudice as a remedy is precluded as a matter of law. This leap is unacceptable.
II
Unlike the majority, I would not preclude the district court from dismissing the indictment with prejudice. We generally review a district court's dismissal of an indictment for abuse of discretion. United States v. Duong, 848 F.3d 928, 931 (10th Cir. 2017). In my view, it is premature to hold as a matter of law that the district court will have abused its discretion should it dismiss the indictment with prejudice after complying with Morrison balancing and our circuit's seriousness analysis under Apodaca. 820 F.2d at 349.
We ordinarily decline to decide a matter in the first instance if that matter is committed to the sound discretion of the trial court. See Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1248 (10th Cir. 2008). "[T]o do so would overstep the bounds of our review for abuse of discretion and enter the realm of de novo review."
*928 Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994). Although we may make such initial determinations in some instances, see Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994), this case does not require us to depart from the general rule. Having observed the trial, and the conduct of the prosecutor in this case, the district court is uniquely situated to conduct the proper balancing under Morrison. 449 U.S. at 364, 101 S.Ct. 665 ; see generally Davoll v. Webb, 194 F.3d 1116, 1146 (10th Cir. 1999) (noting that the trial court "is in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case and [ ] is in the best position to select the most efficient method for their resolution" (quotation omitted) ).
Our circuit recognizes that "flagrant misconduct" may warrant dismissal of an indictment with prejudice if necessary "to insure proper standards of conduct by the prosecution." Pino, 708 F.2d at 530, 531 ; see also Apodaca, 820 F.2d at 349 (stating that dismissal of an indictment is "reserved for cases of serious prosecutorial misconduct"). We were not persuaded in those cases that such a remedy was necessary, but we clearly contemplated that there can be prosecutorial misconduct flagrant and serious enough to warrant dismissal with prejudice.
I would allow the district court on remand to determine if the prosecutor's conduct in this case amounts to such flagrant misconduct. The majority does not purport to disturb the district court's findings of prejudice to defendant, or bad faith on the part of the prosecutor. Intimidating a witness to dissuade him from testifying through improper means can result in criminal sanctions. See 18 U.S.C. § 1512(b)(2)(A) (making it a crime to "knowingly use[ ] intimidation, threaten[ ], or corruptly persuade[ ] another person ... with intent to ... cause or induce any person to ... withhold testimony"); U.S.S.G. § 3C1.1 & app. n.4(A) (imposing a sentencing enhancement for "threatening, intimidating, or otherwise unlawfully influencing a ... witness"). My colleagues do not delve into the flagrancy or seriousness of the misconduct. Properly, that should be left to the district court.
As the Supreme Court has explained, a federal prosecutor
is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). In weighing the remedy necessary to resolve the constitutional violation present in this case, we must keep in mind those heightened duties. Because this court does not have the benefit of the district court's analysis on the degree of flagrancy present and the factors laid out by the Supreme Court in Morrison, 449 U.S. at 364, 101 S.Ct. 665, I would reverse and remand without limitations on the remedies the district court may consider.