# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

KYLE JAMES HEBERT,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CR-39-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kyle James Hebert appeals his convictions on one count of conspiring with Kohll's Pharmacy & Homecare, Inc., doing business as Essential Pharmacy Compounding, to deliver in interstate commerce an adulterated and misbranded prescription animal drug with the intent to defraud federal and state regulatory agencies including the federal Food and Drug Administration (FDA), 18 U.S.C. § 371; two counts of receiving an adulterated or misbranded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug in interstate commerce and delivering or offering to deliver the drug with the intent to defraud or mislead, 21 U.S.C. §§ 331(c), 333(a)(2); and one count of affecting the label of a drug held for sale and misbranding a drug with the intent to defraud and mislead while holding the drug for sale, 21 U.S.C. §§ 331(k), 333(a)(2).  The district court sentenced Hebert to 15 months in prison and 3 years of supervised release on each of the four counts, with the prison terms to run concurrently to each other and the supervised release terms to run concurrently to each other.

Whether the district court erred in disallowing Hebert's three character witnesses to testify that Hebert would never knowingly endanger racehorses or others on the racetrack, Hebert fails to show a reasonable probability, in light of the extensive evidence in this matter, that he would have avoided conviction had the district court ruled otherwise.  *See United States v. De Leon*, 728 F.3d 500, 505 (5th Cir. 2013).

Hebert also fails to show that, even under de novo review, the district court erred in instructing the jury.  *See United States v. Copeland*, 820 F.3d 809, 811 (5th Cir. 2016).  The district court presented, in the charge as a whole, a substantially correct statement of the law, and the instructions did not impair Hebert's ability to defend himself.  *See United States v. Peterson*, 101 F.3d 375, 381 (5th Cir. 1996).  The finding of intent for purposes of § 333 as to each count charged necessarily required the conclusion that Hebert acted willfully.  *See United States v. Arlen*, 947 F.2d 139, 143 (5th Cir. 1991).

Hebert's challenge to the district court's denial of his motion to dismiss the indictment is likewise unavailing even under de novo review.  *See United States v. Gonzalez*, 792 F.3d 534, 537 (5th Cir. 2015).  As the district court concluded, this court has focused, in defining a "new drug" under 21 U.S.C. § 321(p), and a "new animal drug" under 21 U.S.C. § 321(v), on a "drug's

No. 18-30321

composition and use rather than on the process by which it was created." *Med. Ctr. Pharmacy v. Mukasey*, 536 F.3d 383, 395, 407 (5th Cir. 2008); *see Leocal v. Ashcroft*, 543 U.S. 1, 12 n.8 (2004).   Because the FDA had not approved dermorphin as safe and effective for use for horses, the drug was, by definition, a "new animal drug."   *See* 21 U.S.C. § 321(v); *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).   Because this new animal drug lacked FDA approval, it was, also by definition, "adulterated." 21 U.S.C. § 351(a)(5); *United States v. An Article of Drug Consisting of 4,680 Pails, More or Less, Each Pail Containing 60 Packets, Etc.*, 725 F.2d 976, 980-81 (5th Cir. 1984).   The district court properly denied the motion to dismiss the indictment for failure to allege an offense.   *See Gonzalez*, 792 F.3d at 537.

The judgment of the district court is AFFIRMED.