**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4654**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAPHNE PRATT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:16-cr-00207-TLW-2)

Submitted:  July 21, 2020                                              Decided:  July 27, 2020

Before MOTZ, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Alan Brown, Sr., DABROWNLAW LLC, Rock Hill, South Carolina, for Appellant. James Hunter May, Assistant United States Attorney, OFFICE OF THE UNITED STATES OF AMERICA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daphne Pratt pled guilty, pursuant to a written plea agreement, to conspiracy to engage in child sex trafficking, in violation of 18 U.S.C. §§ 1591(a), 1594(c) (2018). The district court sentenced Pratt to 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether 18 U.S.C. § 1591(a), (c) (2018) is constitutional, whether Pratt is entitled to additional good time credits under the First Step Act, and whether trial counsel was ineffective. Pratt filed a pro se supplemental brief raising a Fourth Amendment challenge to a search warrant executed at her home and raising ineffective assistance of counsel. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Pratt's plea agreement.* Finding no error, we affirm.

First, counsel challenges the constitutional validity of 18 U.S.C. § 1591(a), (c). This constitutional challenge is not foreclosed by Pratt's plea agreement. *See Class v. United States*, 138 S. Ct. 798 (2018) (holding that a guilty plea by itself does not bar a criminal defendant from challenging the constitutionality of the statute of conviction). A defendant is guilty of sex trafficking children if she "knowingly . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing, or, . . . in reckless disregard of the fact . . . that the person has not

---

* Because the Government has not asserted the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a). In a case where the defendant "had a reasonable opportunity to observe the [minor], the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c).

Pratt argues that 18 U.S.C. § 1591(c)'s alternative scienter requirement that a defendant had a "reasonable opportunity to observe" the minor imposes strict liability on a defendant regarding a victim's age, relieving the Government of its burden to prove that the defendant knew the victim was under the age of 18. Pratt argues that this "strict liability" violates the Due Process Clause. We disagree. Pratt's argument conflates the concepts of mens rea—which is an element of the crime—and burden of proof—the "measure of how convincing the government's evidence must be to establish an element of the crime." *United States v. Mozie*, 752 F.3d 1271, 1281–82 (11th Cir. 2014).

"Section 1591 does not actually impose strict liability because the statute, throughout its revisions, has retained a traditional scienter requirement of knowledge that the victim will be caused to engage in a commercial sex act." *United States v. Whyte*, 928 F.3d 1317, 1330–31 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 875 (2020) (internal quotation marks omitted). Proof of a victim's age "is distinct from the Government's independent burden of proving beyond a reasonable doubt that a defendant was knowingly involved in a commercial sex act." *United States v. Copeland*, 820 F.3d 809, 812 n.6 (5th Cir. 2016).

"Congress can—and often does—reduce or eliminate scienter requiring knowledge of a minor victim's age in sex crimes." *Id.* at 814. And "Congress may dislodge the

3

presumption that an element requires proof of a culpable mental state." *Whyte*, 928 F.3d at 1330. Therefore, although "§ 1591(c) imposes strict liability with regard to the defendant's awareness of the victim's age," *United States v. Robinson*, 702 F.3d 22, 39 (2d Cir. 2012), the statute does not violate the Due Process Clause because the Government must still prove all of its elements beyond a reasonable doubt. In any event, here, Pratt admitted, during the Fed. R. Crim. P. 11 hearing, that she knew that one of the young girls was under the age of 18. Pratt also concurred with the summary of the guilty plea agreement's factual basis, which asserted that she had actual knowledge, at the time of the offense, that a victim of the scheme was under the age of 18. We therefore find Pratt's constitutional challenge to her conviction without merit.

In her supplemental pro se brief, Pratt also raised a Fourth Amendment violation. She challenges the validity of a search of her residence. By pleading guilty, Pratt waived the right to contest any nonjurisdictional defect in the proceedings conducted prior to the entry of the plea, including constitutional violations. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, Pratt's Fourth Amendment claim is foreclosed.

Finally, Pratt contends that trial counsel was ineffective for failing to challenge the denial of a three-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2016). She contends that the court erroneously relied on her pre-indictment and pre-plea agreement conduct to deny the reduction. Claims of ineffective assistance generally are not addressed on direct appeal unless "ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). To succeed on a claim of ineffective assistance of counsel, the

4

movant bears the burden to "show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, a defendant must demonstrate a reasonable probability that, but for counsel's errors, she would have proceeded to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

A defendant qualifies for a two-level reduction for acceptance of responsibility if she enters into "a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which [she] is accountable under § 1B1.3." USSG § 3E1.1, cmt. n.3. However, "conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for h[er] criminal conduct." USSG § 3E1.1, cmt. n.4. An obstruction of justice enhancement is proper when "the defendant . . . attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." USSG § 3C1.1.

The record indicates that the court applied a two-level obstruction of justice enhancement to Pratt's sentence because, while under investigation for the instant offense, Pratt attempted to intimidate and influence two Government witnesses to change their trial testimony. The record before us does not conclusively establish ineffective assistance of counsel, and we conclude that these claims should be raised, if at all, in a § 2255 motion. *See Faulls*, 821 F.3d at 507-08.

5

Lastly, we decline to address Pratt's entitlement to additional good time credits under the First Step Act, 132 Stat. 5194, § 102(b) because she has failed to exhaust her administrative remedies and has not challenged the calculation or award of such credits by the Bureau of Prisons in a petition for habeas corpus in the district court. *See* 18 U.S.C. § 3624(b)(1) (2018). Therefore, an adjudication of credits at this juncture is premature.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pratt, in writing, of the right to petition the Supreme Court of the United States for further review. If Pratt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pratt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*